IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLIFTON RICHARD SKIDGEL,

       Plaintiff,

v.                                                    No. CIV-06-0385 RB/ACT

KATHLEEN NESTOR, et al.,

       Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis.[1] Also before the Court is Plaintiff's motion to amend the complaint (Doc. 7) filed June 15, 2006. At this point Plaintiff may amend his complaint as a matter of course, *see* Fed. R. Civ. P. 15(a), and the motion will be denied as moot. The Court construes the motion to amend as an amended or supplemental complaint; hereinafter Plaintiff's pleadings are referred to as the "complaint." For the reasons below, the Court will dismiss certain of Plaintiff's claims.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363,

---

[1] The Court notes that Plaintiff has paid the filing fee and, pursuant to orders inadvertently entered by the Court, has made an additional payment. The Clerk has advised the Court that amounts paid in excess of the statutory fee will be refunded to Plaintiff.

365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint contains seven Counts, and seven Defendants are named. Plaintiff alleges that Defendants have denied him necessary treatment for various medical conditions, unlawfully segregated him, refused to process his grievances, and denied him a hearing aid. He contends that Defendants' actions have violated a number of his constitutional protections. The complaint seeks equitable relief and damages.

No relief is available on Plaintiff's allegations concerning grievance procedures. These allegations do not "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), because Plaintiff may assert in this Court his claim that administrative remedies are ineffective or futile, *see Garrett v. Hawk*, 127 F.3d 1263, 1267 (10th Cir. 1997) ("Congress clearly intended to require prisoners to exhaust only 'such administrative remedies as are available' "); *and cf. Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000) (affirming dismissal of claim for inadequate grievance procedures; no liberty interest implicated). Nor does Plaintiff allege that prison officials have actively interfered with his attempts to prepare and file legal documents. *See Lewis*, 518 U.S. at 350; *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) ("main concern here is 'protecting the ability of an inmate to prepare a petition or complaint' "). The Court will dismiss Count V of the complaint and Defendant (grievance officer) Brininstool.

In his amended complaint, Plaintiff seeks to add Erma Sedillo, Deputy Secretary of Operations, and Sandra McFadin, Warden of Programs, as Defendants. Plaintiff makes no allegations against these Defendants affirmatively linking them to the various violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of

respondeat superior liability for the actions of workers supervised by the official. *See id.* Plaintiff's claims against Defendants Sedillo and McFadin will be dismissed.

IT IS THEREFORE ORDERED as follows:

- the order (Doc. 8) entered July 10, 2006, is VACATED and SET ASIDE;

- Plaintiff's motion to amend the complaint (Doc. 7) filed June 15, 2006, is DENIED as moot; the motion is construed herein as an amended or supplemental complaint; and the Clerk is directed to add to the docket as named Defendants Erma Sedillo, Deputy Secretary of Corrections, and Sandra McFadin, Warden of Programs;

- Count V of the complaint is DISMISSED with prejudice; Plaintiff's claims against Defendants Brininstool, Sedillo, and McFadin are DISMISSED with prejudice; and these Defendants are DISMISSED as parties to this action; and

- the Clerk is directed to issue notice and waiver of service forms for Defendants Nestor, Sobhani, Douglas, and Wexford Health Sources, Inc.

_____
UNITED STATES DISTRICT JUDGE