**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CLIFTON RICHARD SKIDGEL,

    Plaintiff,

v.                                    CIV NO. 06 -385   RB/ACT

KATHLEEN NESTOR, ZINAT SOBHANI,
DON DOUGLAS and WESTFORD HEALTH
SOURCES,

    Defendants.

**MAGISTRATE JUDGE'S REPORT AND
RECOMMENDED DISPOSITION ON DEFENDANTS
NESTOR'S AND SOBHANI'S MOTIONS FOR SUMMARY JUDGMENT**

THIS MATTER COMES before the Court on an Order of Reference from the District Court Judge to the Magistrate Judge to recommend ultimate disposition of this case. [Doc. No. 5]. This Recommended Disposition involves only the two motions for summary judgment, one from Defendant Kathleen Nestor and the other from Defendant Zinat Sobhani, [Doc. Nos. 18 and 26 respectively]. The Magistrate Judge will enter Reports and Recommended Dispositions on the other pending motions in separate documents.

Plaintiff filed his Responses [Doc. Nos. 31 and 33 respectively] and the two Defendants filed their Replies [Doc Nos. 36 and 40]. Having reviewed the motions and exhibits as well as the

responsive pleadings, the Magistrate Judge finds that there are no material issues of fact in dispute and find that the moving parties are entitled to judgment as a matter of law. Therefore, the Magistrate Judge RECOMMENDS THAT SUMMARY JUDGMENT BE GRANTED IN FAVOR OF DEFENDANT KATHLEEN NESTOR AND DEFENDANT ZINAT SOBHANI.

## HISTORY OF THIS LITIGATION

Plaintiff Clifton Richard Skidgel brought this Complaint under 42 U.S.C. § 1983 alleging violations of his civil rights on May 5, 2006. [Doc. No. 1]. Plaintiff is currently incarcerated in a New Mexico correctional facility and is proceeding *pro se*. While Plaintiff was granted *in forma pauperis* status, he paid the filing fee in full shortly after he filed his complaint.

In August, 2006, the District Court Judge to whom this case is assigned, Judge Robert Brack, entered an Order dismissing Count V of the Complaint and dismissing Defendant Lindsey Brininstool. [Doc. No. 10]. Plaintiff had moved to amend his Complaint [Doc. No. 7] but because he was allowed to amend his Complaint as a matter of course, the District Court Judge denied the motion as moot. The Clerk was directed to add two Defendants, Erma Sedillo, the Deputy Secretary of Corrections and Sandra McFadin, Warden of Programs, to the docket. Judge Brack then, *sua sponte*, found that the proposed Amended Complaint did not allege any personal involvement of these two Defendants in the alleged constitutional violations, and ordered that these two Defendants be dismissed. [Doc. No. 10]. After these rulings, six counts, Counts I through IV, VI and VII, and four Defendants, Kathleen Nestor, Zinat Sobhani, Don Douglas and Westford Health Resources, remain in this lawsuit.

Count I, directed to all four Defendants, alleges that Plaintiff has been denied medical and

2

mental health treatment in violation of his rights guaranteed to him by the 5th, 8th and 14th Amendments to the United States Constitution. Count II is directed to Defendant Zinat Sobhani alone.  It alleges that Defendant Sobhani caused Plaintiff to be placed unlawfully in a segregated cell in February and March, 2005 on a suicide watch.  Plaintiff contends that the segregation violated his 8th Amendment rights because it was cruel and unusual punishment.  Count VII is directed to Defendant Kathleen Nestor alone.  It alleges that Defendant Nestor, acting as manager of mental health services, denied Plaintiff of meaningful and adequate mental health services contrary to Plaintiff's civil rights.  The remaining Courts III, IV, and VI do not involve these Defendants.

     Exactly one year before filing this present lawsuit, Plaintiff Clifton Skidgel brought a civil lawsuit in state court in the Fifth Judicial District, County of Lea, State of New Mexico, against three of these Defendants - Kathleen Nestor, Zinat Sobhani and Don Douglas.  In that case, filed May 5, 2005, No. CV 2005-301C, Plaintiff alleged that the Defendants had caused him to suffer unlawful segregation, denied him his mental health and medical treatment and acted with deliberate indifference to Plaintiff's needs and safety.  The alleged facts recited in the state court Complaint in support of his claims are identical to the alleged facts cited in this Complaint in support of Counts I, II and VII..

     Plaintiff states in both the state and the federal Complaints that on February 9, 2005, he was transferred from the Guadalupe County Correctional Facility (GCCF) to the Lea County Correctional Facility (LCCF).  The transfer had been agreed to by Plaintiff because of a lack of mental health treatment at GCCF.  Plaintiff had a history of mental illness and had indicated prior to his transfer that he thought he needed mental health treatment again.  Plaintiff had filed a

3

grievance about the lack of mental health treatment available to him at GCCF and as part of resolving that grievance, agreed to his transfer to LCCF.  Defendant Kathleen Nestor authorized the transfer in order for Plaintiff to receive mental health services.

During his initial intake at LCCF Plaintiff was classified as needing mental health treatment.  Appointments with a psychiatrist and a psychologist were originally scheduled for February 16 and 17, 2005.  For reasons which are unclear in the record, neither appointment took place on those days.

On February 18, 2005, Plaintiff filed a grievance about the two canceled appointments. Plaintiff was seen by Dr. Sobhani, a psychiatrist, on February 23, 2005, at which time the doctor prescribed an anti-depressant and directed that Plaintiff be placed on a suicide watch.  Plaintiff was placed in a strip cell, a medical holding cell, on suicide watch.  Plaintiff complained that he did not need to be on suicide watch and when Dr. Sobhani met with Plaintiff on March 2, 2005, she concluded that Plaintiff no longer needed to be on suicide watch. [Exhibit B, Defendant Sobhani's Motion for Summary Judgment, Doc. No. 26].   However, Plaintiff remained in a segregated cell until he was moved into a segregation unit on March 9, 2005.

Defendant Kathleen Nestor moved for summary judgment in the state civil case on Nov. 21, 2005.  She argued that no material issues of fact were in dispute and that her actions did not rise to the level of deliberate indifference to Plaintiff's medical and mental health needs, a necessary component of a civil rights claim alleging cruel and unusual punishment.   See, Estelle v. Gamble, 429 U.S. 97, 104 (1976).   Specifically she argued that even if Plaintiff missed two appointments with mental health providers in February, 2005, that these acts do not constitute cruel and unusual punishment and are not evidence of a deliberate indifference to Plaintiff's

mental health needs. [Exhibit B, Defendant Nestor's Motion for Summary Judgment, Doc. No. 18]. The state district court judge heard argument on the motion and granted Summary Judgment in her favor on January 6, 2006. [Exhibit C, Doc. No. 18].

Defendant Zinat Sobhani moved for summary judgment in the state civil case on January 17, 2006. In her memorandum in support of her motion in the state court case, she argued that there were no material issues of fact in dispute, that the allegations of the lawsuit did not rise to the level of deliberate indifference to Plaintiff's mental health needs, that the lawsuit alleged medical malpractice instead of a violation of civil rights, and that the lawsuit was barred by Plaintiff's failure to exhaust his administrative remedies under the New Mexico Medical Malpractice Act. In the alternative, she argued that the state court lacked jurisdiction to consider Plaintiff's lawsuit because he had failed to exhaust LCCF's internal grievance procedures. [Exhibit B, Defendant Sobhani's Motion for Summary Judgment, Doc. No. 26]. Plaintiff filed his own motion for summary judgment. On May 4, 2006, after a hearing at which all parties were present in person or telephonically, the state district court judge granted summary judgment in favor of Defendant Sobhani and denied Plaintiff's motion for summary judgment. [Exhibit C, Doc. No. 26]. The state district court judge did not state the legal theory under which he granted Defendant Sobhani summary judgment. Plaintiff filed this lawsuit in federal court the following day.

Defendant Nestor moved for summary judgment in this case on September 22, 2006. Defendant Nestor contends that the claims brought against her in the present lawsuit are barred by

the doctrine of claim preclusion (or res judicata)[1] because the same claims were made in the state lawsuit in Lea County and final judgment was entered in her favor.  She argues that Plaintiff's claims against her are precluded by the state court decision.  Her list of undisputed facts involve the state lawsuit, the identity of the parties, the claims in both cases and the fact that summary judgment was granted in her favor in the state case. Plaintiff did not address the list of undisputed facts in his Response.

Defendant Sobhani moved for summary judgment on November 15, 2006. [Doc. No. 26]. Defendant Sobhani also contends that the claims brought against her in the present lawsuit are barred by the doctrine of claim preclusion because the claims presented against her in the present lawsuit are the same claims brought against her in the state lawsuit in Lea County.  Since final judgment was entered in her favor on those claims in state court, she contends that Plaintiff's claims against her in the present lawsuit are precluded.  Her list of undisputed facts also involve the state lawsuit, the identity of the parties, the claims in both cases and the fact that summary judgment was granted in her favor in the state case.  Likewise, Plaintiff did not address the list of undisputed facts in his Response to this Motion for Summary Judgment.

## SUMMARY JUDGMENT

Summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that there is no genuine dispute over a material fact

---

[1] The Court of Appeals for the Tenth Circuit has stated that it prefers the term claim preclusion rather than res judicata. Plotner v. AT & T Corp., 224 F. 3d 1161, 1168, n.2 (10th Cir. 2000). This Court will follow the Tenth Circuit's preference and use the term claim preclusion instead of the older, and perhaps more familiar, term res judicata.

and the moving party is entitled to judgment as a matter of law. Toomer v. City Cab, 443 F. 3d 1191 (10th Cir. 2006). The movant must show the absence of a genuine issue of fact. Simms v. Oklahoma, 165 F. 3d 1321, 1326 (10th Cir. 1999). Once the movant meets this burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

CLAIM PRECLUSION

The doctrine of claim preclusion prohibits subsequent litigation on claims that were resolved between the parties in an earlier action. Reed v. McKune, 298 F. 3d 946, 950 (10th Cir. 2002). When a final judgment on the merits has been entered in the earlier action, the parties are precluded from relitigating issues in the present action that were or could have been raised in the earlier action. Allen v. McCurry, 449 U.S. 90, 94 (1980).

The purpose of claim preclusion is bring an end to a party's claims and to protect Defendants from another round of litigation. A party may bring his claims into a court and ask for his relief, but once he loses, and judgment is entered against him on his claims, he is not allowed to bring these same claims against the same defendants in another court and get a second bite at the apple. The doctrine of claim preclusion is appropriate in civil rights cases brought under 42 U.S.C. § 1983 as in other civil cases. Id. Summary judgment is a final judgment for purposes of the doctrine of claim preclusion. Campos v. Brown Constr. Co., 85 N.M. 684, 686, 515 P.2d

1288, 1290 (Ct. App. 1973).

The full faith and credit statute, 28 U.S.C. § 1738, requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the state courts where they originated. Strickland v. City of Albuquerque, 130 F. 3d 1408, 1411 (10th Cir. 1997). Under New Mexico law the doctrine of claim preclusion requires that four elements be present: 1) the same parties or parties in privity are in both cases; 2) the subject matter must be identical in both cases; 3) the capacity or character of the persons for or against whom the claim is made must be the same in both cases; and 4) the same cause of action must be involved in both cases. Myers v. Olson, 100 N.M. 745, 747, 676 P.2d 822, 824 (1984).

## THE DOCTRINE OF CLAIM PRECLUSION BARS THE PRESENT LAWSUIT AGAINST DEFENDANT KATHLEEN NESTOR

In the claim made by Plaintiff against Defendant Nestor in Counts I and VII, all four elements are present in both the state civil case and the present federal civil rights case. The parties are identical - Plaintiff Clifton Skidgel and Defendant Kathleen Nestor - and Defendant Nestor was sued in the same capacity in both lawsuits as the Mental Health Director of LCCF. The subject matters are identical. Plaintiff complains of the delay in receiving mental health treatment after Plaintiff's transfer to LCCF, his subsequent segregation in a medical holding cell, and his alleged denial of beneficial mental health treatment.

Lastly, the cause of action is identical as well. A cause of action is identical if the facts alleged in support of the claims arise out of the same transaction or series of transactions. Strickland v. City of Albuquerque, 130 F. 3d 1408, 1411 (10th Cir. 1997). Both lawsuits allege that Plaintiff's civil rights had been violated because of a denial of mental health treatment.

8

Plaintiff alleges in the present lawsuit that Defendant Nestor denied him meaningful adequate mental health therapy.  In the state lawsuit, Plaintiff alleged that Defendant Nestor had not kept the agreement to provide Plaintiff with mental health treatment upon his transfer to LCCF and was deliberately indifferent to his mental health needs.  The two claims out of the same series of transactions, the Plaintiff's perceived lack of timely, appropriate mental health treatment after his transfer to LCCF.  The causes of action in the two lawsuits are identical because they arise out of the same series of transactions, the provision of mental health treatment to Plaintiff at LCCF.

All four elements of claim preclusion are present between the state lawsuit and the federal lawsuit vis-a-vis Defendant Nestor.  The state court entered a final judgment against Plaintiff and in favor of Defendant Nestor in the state lawsuit.  Therefore, the Magistrate Judge finds that Plaintiff's claims against Defendant Nestor in this federal civil rights lawsuit are barred by the doctrine of claim preclusion.

## THE DOCTRINE OF CLAIM PRECLUSION BARS THE PRESENT LAWSUIT AGAINST DEFENDANT ZINAT SOBHANI

Plaintiff claims against Defendant Zinat Sobhani in the present federal civil rights lawsuit are also barred by the doctrine of claim preclusion.  Plaintiff's Complaint states claims against Defendant Sobhani in Counts I and II.  Count I alleges that all the Defendants have deprived Plaintiff of his constitutional rights by denying him medical and mental health treatment.  Count II is directed specifically against Defendant Sobhani and alleges that she caused him to suffer false imprisonment (when she directed that he be placed on suicide watch) and that her acts denied him his meaningful right to due process of law and equal protection.  In the state lawsuit, Plaintiff brought claims of unlawful segregation, mental and physical abuse, denial of mental health needs

9

and deliberate indifference to Plaintiff's needs and safety. The facts alleged in the state court complaint are virtually identical to the facts alleged in the present federal lawsuit. In both lawsuits, the same alleged facts are used to support the legal claims brought by the Plaintiff.

The four elements necessary to find claim preclusion are present in both the state civil case and the present federal civil rights case vis-a-vis Defendant Zinat Sobhani. The parties are identical and the claims against Defendant Sobhani are brought against her in the same capacity in both lawsuits as a psychiatrist employed by the provider of mental health services at LCCF providing mental health treatment to Plaintiff. The subject matter is identical as both lawsuits stem from Plaintiff's segregation, suicide watch and his mental health treatment at LCCF.

The causes of action are also identical. In both lawsuits, Plaintiff has alleged, albeit using different legal language, that Defendant Sobhani violated his constitutional rights by her actions. Both complaints allege the same set of actions - that Dr. Sobhani directed that Plaintiff be placed on suicide watch beginning February 23, 2005, which meant that Plaintiff was placed in a segregated medical cell and wasn't moved out of the cell into a segregated medical unit until March 9, 2005. Plaintiff asserts, in both complaints, that this segregation in the medical cell violated various rights secured to him by the Constitution of the United States. The causes of action are identical in both lawsuits because they arise out of the same series of transactions.

All four elements of claim preclusion are present between the state lawsuit and the federal lawsuit vis-a-vis Defendant Sobhani. The state court entered a final judgment on the merits against Plaintiff and in favor of Defendant Sobhani in the state lawsuit. Therefore, the Magistrate Judge finds that Plaintiff's claims against Defendant Sobhani are barred by the doctrine of claim preclusion.

## RECOMMENDATION

The Magistrate Judge, finding that no material issues of fact are in dispute and that Defendants are entitled to summary judgment as a matter of law, recommends that SUMMARY JUDGMENT BE ENTERED IN FAVOR OF THE DEFENDANT KATHLEEN NESTOR on Count I and VII and SUMMARY JUDGMENT BE ENTERED IN FAVOR OF THE DEFENDANT ZINAT SOBHANI on Counts I and II.

## NOTIFICATION

THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of this Report and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE